# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **Robert Edward Battaile, Bobby Ray Reese, and Austin Bocce League,** *Plaintiffs* | § § § § | |
| **v.** | § § | **Case No. 1:25-cv-2149-RP-SH** |
| **City of Manor, Texas, *et al.*,** *Defendants* | § § § | |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Robert Edward Battaile's Motion for *In Forma Pauperis* (Dkt. 2) and Plaintiff Bobby Ray Reese's Motion for *In Forma Pauperis* (Dkt. 3), both filed December 29, 2025.[1]

### I.   *In Forma Pauperis* Status

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the applications to proceed *in forma pauperis* and report and recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 7.

After reviewing Plaintiffs' applications, the Court finds that they cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** Plaintiffs *in forma pauperis* status and **ORDERS** their Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Plaintiffs at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Section 1915(e)(2) Frivolousness Review

Because Plaintiffs have been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review their Complaint under § 1915(e)(2). A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hou., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

*In forma pauperis* complaints may be dismissed as frivolous or malicious "if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993). This is because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata.*" *Id.* "[T]he plaintiff obtains one bite at the litigation apple—but not more." *Id.* at 995.

A case is malicious and subject to dismissal if it involves a duplicative action "arising from the same series of events and alleging many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A case is also duplicative even if it asserts claims or names defendants that are different from those asserted or named in the other pending or earlier case. *Id.*

Plaintiffs, residents of the City of Manor, Texas ("City"), bring their complaint under 42 U.S.C. § 1983 against the City, Travis County, the State of Texas, and 46 other public and private individuals and entities. Dkt. 1. Plaintiffs allege that the City's November 2024 General Election was unfair and illegal because "City Staff prevented a qualified candidate, Bobby Reese from being on the ballot" and "attempt[ed] to suppress Mayor Candidate, Robert Battaile through arrest and retaliatory bail conditions." *Id.* at 9. They also allege that the City selectively enforced ordinances and permitted private developers to build on historic landmarks, and that City and State officials have misappropriated public funds and engaged in civil and criminal conspiracies to violate their constitutional rights. Plaintiffs seek monetary damages, declaratory relief, injunctive relief, and restitution of public funds, and ask the Court to appoint Special Masters overseeing the City's park and land use, elections, police operations, and historic preservation.

Plaintiffs admit that this case is duplicative of a pending suit filed in state court asserting essentially the same claims against many of the same defendants: *Battaile v. Tex. Elections Div., et al.*, No. D-1-GN-25-000719 (459th Dist. Ct., Travis County, Tex. Jan. 29, 2025) ("State Action"). Dkt. 1 at 2. In the State Action, the Texas district court granted defendants' motions to dismiss and Plaintiffs appealed. Dkt. 1 at 2. The appeal is pending before the Texas Fifteenth Court of Appeals. *Battaile v. Tex. Elections Div., et al.*, No. 15-25-00142-CV (Tex. App.—15th Dist.).[2]

---

[2] The Court takes judicial notice of the state court docket under Federal Rule of Evidence 201(f).

3

Because Plaintiffs' Complaint is duplicative of the State Action, this Magistrate Judge recommends dismissal of this case as frivolous and malicious. *Pittman*, 980 F.2d at 994; *Bailey*, 846 F.2d at 1021 (affirming dismissal of suit as malicious when plaintiff alleged same facts and series of events as earlier suit even though they sued different defendants); *Walters v. LaSalle Corr. V, LLC*, No. EP-22-CV-00272-KC-ATB, 2023 WL 1991570, at *10 (W.D. Tex. Feb. 14, 2023) (dismissing suit as malicious when claims duplicated claims in pending state court suit), *R. & R. adopted*, 2023 WL 2771285 (W.D. Tex. Apr. 4, 2023).

### III.    Order

The Court **GRANTS** Plaintiffs' Applications to Proceed in District Court Without Prepaying Fees or Costs (Dkts. 2, 3).

### IV.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** this lawsuit as frivolous and malicious under 28 U.S.C. § 1915(e)(2).

The Court **ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and,

4

except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 13, 2026.

            SUSAN HIGHTOWER
            UNITED STATES MAGISTRATE JUDGE